The opinion of the court was delivered by
Fenner, J.
Plaintiff and defendant were married in 1868. In 1884 the hnsband sued the wife for separation from bed and board and obtained judgment, which became final on December 17, 1884, and from which no appeal was taken. Subsequently he obtained a final divorce.
On June 9, 1886, plaintiff filed this suit, in which she claims a settlement of the community of acquets and gains which subsisted during the marriage, and which was terminated by the judgment of separation from bed and hoard rendered in 1884. Rev. O. 0., 155.
The defendant joined issue on the merits, and the trial of the ease had made some, progress, when he filed a peremptory exception founded on law to the effect that, by reason of plaintiff’s failure to accept the community within the delays allowed by law, she had tacitly and irrevocably renounced the same, and her right of action here asserted was thereby barred and destroyed.
From a judgment maintaining this exception the present appeal is taken.
The exception is founded on Art. 2420, Rev. O. C.: “The wife, separated from bed and board, who has not within the delays above *603 fixed, to begin from the separation finally pronounced, accepted the community, is supposed to have renounced the same; unless, being still within the term, she has obtained a prolongation from the judge after the husband was heard, or after he was duly summoned.”
It is shown and is undisputed that plaintiff did not accept within the term prescribed, and obtained no prolongation thereof from the judge.
The above article is taken from Art. 1463 of the French Code, and its meaning and effect are conclusively settled by both our own and the French jurisprudence. It is universally held to mean that the failure of the wife separated from bed and board to accept the community, either expressly or tacitly, within the prescribed delay, operates a conclusive renunciation thereof, which is irrevocable, and which bars any subsequent acceptance or assertion of community rights. 5 Mareadé, p. 605; 3 Baudry-Lacantiniére, p. 130; 22 Laurent, pp. 425, 431; Herman vs. Theurer, 11 An. 70; Aurich vs. Lamothe, 12 An. 76; Ewing vs. Altmeyer, 15 An. 416; Decuir vs. Lejeune, 15 An. 569; Shoddy vs. Brashear, 13 An. 469.
We do not understand the learned counsel of plaintiff to dispute the perfect validity of the exception, if Art. 2420 remains in force.
But they claim that this article has been repealed by the statute No. 4 of 1882, which is in the following words:
“ At the dissolution, for any cause, of the marriage community, it shall be lawful for the wife to accept the community of acquets and gains under the benefit of inventory, in the same manner and with the same benefits and advantages as heirs are allowed by existing laws to accept a succession under the benefit of inventory.”
The statute contains no repealing clause, and it can not be held to repeal Art. 2420 by implication, unless its provisions are “contrary to or irreconcilable with those of the former law.” • R. O. O. 23 Repeals by implication are universally disfavored. The principle formulated by Mr. Sedgwick and approved by this tribunal, as well as by courts generally, is that “ laws are presumed to be passed with deliberation and with full knowledge of all existing ones on the same subject, and it is, therefore, but reasonable to conclude that the Legislature, in passing a statute, did not intend to abrogate any prior law relating to the same subject matter, unless the repugnancy between the two is irrevocable.” Sedgwick Stat. Construction, pp. 106, 98; N. Q. & C. R. R. vs. City, 34 An. 441, and authorities there cited.
*604 There is no such repugnancy between the Article 2420 and the subsequent statute. On the contrary, they may well stand together, and might be incorporated in a single consistent statute, which would provide: (1) The delays within which the wife separated from bed and board should be bound to signify her acceptance; (2) that said acceptance, however, might be made' under the benefit of inventory in the same manner and with the same benefits and advantages as the law provides in the case of beneficiary heirs. Where is the inconsistency? The article and the statute, in fact, treat of different matters. The article treats of the time within which the wife must signify her acceptance; and the statute treats of the manner in which she may accept.
The evil intended to be remedied by the statute was very clear. Under the prior law the wife, in all cases, was bound to accept or renounce the community unconditionally, taking upon herself the risk of its solvency or insolvency. The object of the statute was simply to change this, and to authorize the wife to accept under benefit of inventory, whereby she incurred no liabilities beyond the value of the community.
We have been unable to appreciate the force of the argument of counsel that the Act of 1882 destroys the reason and motive on which Art. 2420 rests, and that ratione eessante, eessat etiam lex. His suggestion of the reason underlying the article as being intended only as a protection to the wife, is quite contrary to the view expressed by this court and by the French commentators.
“The reason of the rule,” said this court, “ is doubtless this: the husband is the head and master of the community, and at once responsible for its debts, and being seized of it he ought not to be compelled to demand of the wife a partition of the effects in- his hands, and thus lessen his means to meet the debts, particularly as he is responsible for the whole, whilst his wife, by acceptance, would only be responsible for one-half of the same. The interest of the creditors and of the public require that the delay allowed the divorced wife to accept should be, as provided by the Code, a short one.” Herman vs. Theurer, 11 An. 70.
Other reasons are given by the French commentators, but all are entirely contrary to the one suggested by counsel. 3 Baudry-Lacantiniére 130; 22 Laurent 425.
Authorizing the wife to accept with benefit of inventory detracts. *605 in no manner from the reason and policy of the law which requires her to exercise the right within a brief delay, under penalty of forfeiture.
The objection to the timeliness of pleading the exception is unfounded. It is clearly a peremptory exception as defined by Art. 845, O. P., “which, without going into the merits of the cause, show that the plaintiff can not maintain his action, either because it is prescribed or because the cause of action has been destroyed or extinguished.” Such exceptions, under the express terms of the following Art. 846, “may be pleaded in every stage of the action previous to the definitive judgment.”
The contention that plaintiff tacitly accepted the community within the term prescribed finds no support in the record. Surely the suggestion is hardly serious that because the wife is indebted to the community for sums advanced during its existence for her separate estate, her failure to pay such debt is to be treated as a conversion of community property operating as an acceptance.
The earnest and very able argument of counsel for plaintiff has commanded our attentive consideration, but we can discover no ground for reversing the judgment of our learned brother of the District Court.
Judgment affirmed.